## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LESLIE MCCOY** | § | **CIVIL ACTION NO. 3:12-cv-754** |
| | § | |
| **VS.** | § | **JUDGE** |
| | § | |
| **WATCO COMPANIES, L.L.C. AND** | § | **MAGISTRATE** |
| **BATON ROUGE SOUTHERN** | § | |
| **RAILROAD** | § | |

## COMPLAINT

Plaintiff, Leslie McCoy, by and through his undersigned attorney, and for his cause of action against the defendants, WATCO Companies, L.L.C. and Baton Rouge Southern Railroad, L.L.C., alleges as follows:

I.

Plaintiff, Leslie McCoy, is now, and at all times mentioned in this complaint was, a resident of Lafayette, Louisiana.

II.

Defendant, WATCO Companies, L.L.C., is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal business establishment in Louisiana at 320 Somerulos Street, Baton Rouge, Louisiana 70802 and is engaged in the operation, control and management of interstate railroads, with lines and facilities within the Middle District of Louisiana, throughout the State of Louisiana and various other states.

III.

Defendant, Baton Rouge Southern Railroad, L.L.C., is a limited liability company duly organized and existing under the laws of the State of Kansas, doing business and conducting rail operations in the Middle District of Louisiana where this action is filed with its principal business office located at 1818 Brooklawn Drive, Baton Rouge, Louisiana, 70807 and its principal business establishment in Louisiana at 320 Somerulos Street, Baton Rouge, Louisiana 70802.

IV.

Defendant, Baton Rouge Southern Railroad, L.L.C, is a wholly owned and/or controlled subsidiary of Defendant, WATCO Companies, L.L.C.

V.

Defendants, WATCO Companies, L.L.C. and Baton Rouge Southern Railroad, L.L.C., are common carriers by railroad engaged in the business of operating a railroad in interstate commerce for the purpose of carrying freight in interstate commerce within the meaning of the Federal Employers' Liability Act 45 U.S.C., Section 51, et. seq.

VI.

Plaintiff avers that on the 11th day of October, 2012, and for approximately one and one-half years prior thereto, plaintiff was employed by defendants as a backhoe operator and track laborer for the defendants at a rail yard operated by defendants at 1818 Brooklawn Drive in Baton Rouge, Louisiana.

VII.

The plaintiff, at all times referred to herein, was acting within the course and scope of his employment for the defendants. The plaintiff's duties of employment for the defendants were in furtherance of interstate commerce or directly or closely and substantially affected such interstate commerce and plaintiff and defendants are subject to the Federal Employers' Liability Act 45 U.S.C., Section 51, et. seq. and plaintiff brings this action under the meaning and intentions of that act. Further, venue is proper under 45 U.S.C., Section 56 as this action is brought in the district court in the district in which the cause of action arose and in which the defendants are doing business at the time of commencing of this action.

VIII.

On October 12, 2012, while performing duties in the course and scope of employment with defendants and while in the defendants' office trailer at 1818 Brooklawn Drive in Baton Rouge, Louisiana, plaintiff walked to his locker to get his shoes, protective clothing and other gear, and slipped in a break and/or hole in the flooring, twisting his foot, leg and back, causing severe injuries to his back and other parts of his body.

IX.

At all times prior to the occurrence complained of herein and at the time of its occurrence, defendants had exclusive control and management of the office trailer in which plaintiff was injured.

X.

Plaintiff avers the condition of the floor presented an unreasonable risk of harm to the plaintiff, that the risk of harm was reasonably foreseeable and that defendants had actual or constructive notice of the condition, which caused the damage.

XI.

Plaintiff avers that all of his aforesaid injuries and damages were caused, in whole or in part, by the negligence of the defendants, their agents, servants or employees while acting within the course and scope of their employment for the defendants, in the following non-exclusive particulars:

    a.      Failure to provide plaintiff with a safe place to work;

    b.      Failure to warn plaintiff of the unsafe condition of the flooring of the office trailer;

    c.      Failure to properly inspect and maintain the premises in a safe condition;

    d.      Failure to repair the flooring;

    e.      The failure of defendant to abide by their own rules and regulations by having an unsafe work area;

    f.      Failure to meet generally the standard of care required in the above described situation;

    g.      Committing such other acts of negligence as will be shown during discovery and the trial of this matter.

XII.

As a result, in whole or in part, of one or more of the negligent acts or omissions of the defendants listed above, plaintiff sustained severe and permanent injuries to his back as well as to his body as a whole resulting in disability and disfigurement and which has caused and will cause in the future to suffer great pain and mental anguish; and plaintiff has lost and will in the future lose earnings he otherwise would have earned but

for his injury; and he had been and will in the future be compelled to obligate himself for medical aid and attention; and his future earning capacity has been seriously diminished by reason of such injury; all damages of plaintiff in an amount reasonable in the premises.

WHEREFORE, plaintiff requests judgment against defendants as follows:

1. General damages in an amount which is just and reasonable in the premises;

2. Special damages for medical and related expenses according to proof;

3. Damages for loss of earnings and earnings capacity according to proof;

4. Interest on such damages awarded according to law from the date of judgment until paid;

5. Costs of this action; and

6. Such and further relief as the Court deems just and proper.

s/Bruce Todd Soileau
BRUCE TODD SOILEAU
La. Bar Roll No. 20005
GUILLIOT & ST. PE
428 Jefferson Street
Lafayette, Louisiana 70501
Tel: (337) 232-8177
Fax: (337) 232-7012