UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LESLIE MCCOY | CIVIL ACTION |
| VERSUS | |
| WATCO COMPANIES, L.L.C., ET AL. | NO.: 12-00754-BAJ-SCR |

## RULING AND ORDER

Before the Court is Defendant Watco Companies, L.L.C.'s ("Watco") **Motion for Summary Judgment (Doc. 33)**, seeking an order from this Court granting summary judgment in its favor. Watco asserts that Plaintiff Leslie McCoy ("McCoy") has no cause of action against it under 45 U.S.C. § 51 *et seq.*, also known as the Federal Employer's Liability Act ("FELA"), because FELA only applies where the defendant is both the railroad worker's employer and a common carrier. *Id.* at 1. Watco asserts that it is neither McCoy's employer nor a common carrier as defined by the statute. As such, it avers that McCoy's sole cause of action against it should be dismissed. The motion is unopposed. Oral argument is not necessary. Jurisdiction is proper under the federal question jurisdiction of the Court.

I. **Background**

McCoy filed suit against Defendants Watco and Baton Rouge Southern Railroad, L.L.C. ("Baton Rouge Southern") (collectively "Defendants") on November 28, 2012. (Doc. 1.) The complaint alleged that on October 12, 2012, while employed with the Defendants

as a backhoe operator and track laborer, McCoy "walked to his locker [in the Defendants' office trailer] to get his shoes, protective clothing and other gear, and slipped in a break and/or hole in the flooring, twisting his foot, leg and back, causing severe injuries to his back and other parts of his body." *Id.* at 2. McCoy alleges that at all times he was in the course and scope of his employment and that the Defendants had exclusive control and management over the office trailer in which he was injured. *Id.* at 3. On September 25, 2013, McCoy sought leave of Court to amend his complaint, asserting that date of his injury was actually September 26, 2012. (Doc. 14.) The Court subsequently granted the motion. (Doc. 15.)

On June 16, 2014, Watco filed the instant motion. Watco asserts that McCoy's complaint incorrectly states that it employed the Plaintiff, and that the failure to establish this element is a bar to recovery under the FELA. (Doc. 33-1, at 3.) Watco also asserts that, in any event, McCoy's claims against it should be dismissed because it is not a common carrier as defined by the statute. *Id.* at n. 1. Watco contends that it is a holding company only, and its subdivisions own and manager railroads, like Baton Rouge Southern. *Id.* McCoy has not filed an opposition to the motion for summary judgment; however, his complaint asserts that both Defendants are common carriers "engaged in the business of operating a railroad in interstate commerce for the purpose of carrying freight in interstate commerce within the meaning of [FELA.]" (Doc. 1, at 2.) For the reasons cited herein, the motion is GRANTED.

## II. Summary Judgment

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, a court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Id.* The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions,

3

or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. Analysis

Because McCoy has not presented any opposition to the motion, the Court will assume that he concedes the applicability of the law cited by Watco on this issue. FELA provides that "every common carrier by railroad" engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce" where the injury arises from the negligence of the railroad's officers, agents, or employees. 45 U.S.C. § 51. "FELA affords railroad employees their only remedy for injuries sustained while engaged in interstate commerce." *Smith v. Medical and Surgical Clinic Ass'n*, 118 F.3d 416, 419 (5th Cir. 1997). The Fifth Circuit recognizes that, in order to prevail under the act, a plaintiff must show: (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) he was employed by the defendant with duties advancing such commerce; (3) his injuries were sustained while he was so employed; and (4) his injuries resulted from the defendant's negligence. *Id.* (citing *Fowler v. Seaboard Coastline R.R. Co.*, 638 F.2d 17, 19 (5th Cir. 1981)).

Where there is a dispute concerning the validity of the employer/employee relationship, "[t]he test of employment is the established test in workers' compensation cases. It is whether the railroad has control of the employee or the right to control the employee." *Lindsey v. Louisville & Nashville R. Co.*, 775 F.2d 1322, 1323 (5th Cir. 1985). "The law does not require that the railroad have full supervisory control. It requires only that the railroad, through its employees, plays 'a significant supervisory role' as to the work of the injured employee." *Morris v. Gulf Coast Rail Group, Inc.*, 829 F. Supp. 2d 418, 424 (E.D. La. 5/6/10) (citations omitted). Similarly, the Third Circuit has held:

> The primary factor to be considered in determining whether a plaintiff was employed by the defendant [under the Act] is whether the latter had the power to direct, control and supervise the plaintiff in the performance of his work at the time he was injured. Relevant factors to be considered are: who selected and engaged the plaintiff to do the work; who paid his wages for performing it; who had the power to terminate his employment; who furnished the tools with which the work was performed and the place of work.

*Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1350 (3d Cir. 1991) (citing *Tarboro v. Reading Co.*, 396 F.2d 941, 943 (3d Cir.1968), *cert. denied*, 393 U.S. 1027 (1969)).

Here, the Court agrees that McCoy cannot meet the elements of this claim and that summary judgment should be granted. Watco has provided uncontroverted evidence that Baton Rouge Southern is McCoy's actual employer, and that it acts only as a holding company, with its subdivisions owning and managing railroads. (Doc. 35-3, at 1, Declaration of Thomas Hayes.) Moreover, Baton Rouge Southern's General Manager attested that McCoy was employed by its company on the date of his injury and at no

5

time was he an employee of Watco. (Doc. 35-2, at 1, Declaration of Brit Sonnier.) Watco also provided McCoy's employment contract, his application for employment, a wage increase form, and several employment authorization forms containing McCoy's signature. (Docs. 35-2, at 3-8.) All of the documents indicate that Baton Rouge Southern is McCoy's employer.

McCoy's employment contract specifically states that he was offered employment with Baton Rouge Southern as a "Trackman," that his position would be based in Baton Rouge, and that he would report to a general manager for Baton Rouge Southern. *Id.* at 3. Moreover, McCoy's application for employment specifically states Baton Rouge Southern is the considering party of applicants on the application. *Id.* at 4. Further, the acknowledgment forms, all signed by McCoy, each state "Baton Rouge Southern Railroad" in the heading as the employer, as does the wage increase form. *See Id.* at 5-8.

Indeed, the only mention of Watco in any of the documentation is in the employment contract, which alludes to Watco having control over employee qualifications for health and dental insurance, and that employees have access to this information in the Watco Employee Handbook. *Id.* at 3. Granted, the Court notes that this statement alone appears contradictory to Watco's assertion that it is not McCoy's employer. Nevertheless, as a holding company that operates several subdivisions, it would not be unusual for Watco to generally manage insurance coverage for its smaller companies. As noted above, relevant factors for considering whether Watco would qualify as an employer include whether it had the power to direct or control the plaintiff's job duties

and performance, who selected the plaintiff for the work he was to perform, and who payed his wages. It is clear from the evidence in the record that McCoy was hired, instructed, and paid by Baton Rouge Southern. In any event, McCoy has provided no evidence to the Court that would support a finding otherwise. Without more, the Court concludes that McCoy cannot establish that he was employed by Watco. Without satisfying this element, McCoy cannot maintain a claim against Watco under FELA.

Because the Court finds that Watco is not an employer of the plaintiff in this case, it is unnecessary to determine whether Watco is a common carrier under FELA, as all elements must be satisfied in order to sustain a claim under the statute.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Watco Companies, L.L.C. **Motion for Summary Judgment (Doc. 33)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendant Watco Companies, L.L.C. are **DISMISSED**.

Baton Rouge, Louisiana, this 30th day of September, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**